# CHARLESTON

## THE PHILADELPHIA CO. v. UNDERWOOD.

Submitted October 28, 1914.   Decided December 8, 1914.

MINES AND MINERALS—*Gas Lease—Construction.*

> A conveyance by deed of the oil and gas in and under a tract of land, in consideration of $200.00 in hand paid and upon condition for payment to the grantor of $3200.00, or reconveyance to him of the oil and gas, within 90 days after the completion of a well on the premises, completion of such well or payment of $214.00, within two years from the date of the deed, and payment of the stipulated purchase money or reconveyance after the completion of such well, subsequent to the expiration of the two year period, is conditional also upon the completion of such well within two years after the expiration of the two year period expressly provided in the deed; and the estate granted *ipso facto* ceases on the expiration of four years without completion of a well, even though the $214.00 payment was made as contemplated.

Error to Circuit Court, Tyler County.
Action by The Philadelphia Company of West Virginia

against Henry Underwood and others.   Judgment for plaintiff and defendants bring error.

*Reversed, and Judgment Rendered.*

*Underwood & Moore,* for plaintiffs in error.

*Boreman & Carter,* for defendant in error.

POFFENBARGER, JUDGE:

The vital question raised by this writ of error is whether a deed conveying oil and gas in place is absolute or conditional.   Rentals paid under a lease on the property, subsequent in date to the deed were recovered back, in an action originated in a justice's court, upon the theory of total lack of title to the oil and gas in the lessor.

The deed bearing date, Oct. 25, 1893, and executed by Isaiah Underwood and wife, conveyed the oil and gas in a tract of land containing 214 acres to the South Penn Oil Company, in consideration of $200.00, and upon the following conditions: "The grant and conveyance is made on the condition that the said grantee shall, within 90 days after a well shall have been drilled and completed on said described land at their election, either (a) pay to the said grantors the sum of $3200.00 Dollars personally or by deposit to their credit in the West Virginia Bank at West Union, W. Va., or (b) release and reconvey to the grantors the oil and gas rights hereby granted.

This grant is made on the further condition that it shall be void and of no effect if a well is not completed upon the land above described within Two years from this date, unless the grantee shall pay to the grantors the sum of Two Hundred and Fourteen ($214) Dollars, at or before the expiration of said time.   This payment shall not relieve the grantee, however, from the payment or re-conveyance to be made after the completion of a well on said described land as above provided."

Within the two year period allowed for the drilling of a well, the grantor died.   No well was drilled but the stipulated $214.00 was paid to the heirs at the expiration of the period. In 1896, the tract of land was partitioned and 35 acres there-

of allotted to Henry Underwood. On the 28th day of May, 1897, the South Penn Oil Co. took a lease from Henry Underwood and wife on part of the 35 acre tract, which it surrendered, July 16, 1897, without having had it recorded. On the 16th day of Oct. 1901, Henry Underwood and wife executed an oil and gas lease on the 35 acre tract to J. L. Newman, which he assigned to the plaintiff. Under it, the plaintiff paid 27 quarterly rentals of $8.75 each, aggregating $236.25, in lieu of drilling, and, in this action, upon this state of agreed facts, recovered the judgment complained of.

If the conveyance to the South Penn Company was conditional, Underwood had title and the lease was good; but, if the conveyance was absolute, he had none and the lease was worthless. The grant was clearly a conditional one, not only until the expiration of the two year period, with payment of the $214.00, but afterward also. In express terms, it still contemplated the drilling of a well and payment of the $3200.00 of purchase money or reconveyance, but there was no longer an express limitation of time. However, that appears by clear and necessary implication, upon consideration of the deed as a whole and the situation, object and purposes of the parties. Intent to part with the property in consideration of $414.00 is emphatically negatived by its terms and provisions. In the first instance, a specific period of limitation had been imposed. The duty to drill still remained by express imposition, and, no express limitation after the payment of the $214.00 having been provided, the law would limit the time to a reasonable one. But, since the parties had agreed upon a period in the first instance as being a reasonable one, they almost certainly intended that limitation to apply after the expiration of the first one. This limitation expired long before the lease was executed to Newman and the right of exploration given by it could have been safely exercised at any time between delivery thereof and its expiration. Hence there was no breach of the implied covenant for quiet enjoyment.

The judgment complained of is clearly erroneous and will be reversed and a judgment for the defendants rendered here.

*Reversed, and Judgment Rendered.*